# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. DALE KLEIN,
              Petitioner,

              v.

DEPARTMENT OF VETERANS
    AFFAIRS,
              Agency.

DOCKET NUMBER
CB-1208-16-0023-U-5

DATE: November 10, 2016

# THIS STAY ORDER IS NONPRECEDENTIAL[*]

Sheri S. Shilling, Esquire, Washington, D.C., for the petitioner.

Loretta Poston, Esquire, Tampa, Florida, for the relator.

G.M. Jeff Keys, Esquire, Saint Louis, Missouri, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## ORDER ON STAY REQUEST

¶1        Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of the agency's termination of Dr. Dale Klein's appointment. For the reasons discussed below, we GRANT OSC's request and extend the stay through January 12, 2017. We further GRANT OSC's request that the Department of Veterans Affairs (DVA) temporarily reassign Dr. Klein to a pain management physician position in Columbia, Missouri, during the pendency of the stay, provided that he is granted the necessary clinical privileges.

## BACKGROUND

¶2        On May 26, 2016, OSC requested a stay of the termination of Dr. Klein's appointment to complete its investigation and legal review of his prohibited personnel practices complaint and determine whether to seek corrective action. *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-1, Stay Request File (U-1 SRF), Tab 1. OSC also requested an order returning Dr. Klein to his position and duties as a pain management physician at the Poplar Bluff Medical Center during the period of the stay. *Id.* The Board granted OSC's request for a stay through July 15, 2016, but denied OSC's request to order DVA to return Dr. Klein to his duties and responsibilities as a physician. U-1 SRF, Tab 3.

¶3        On June 9, 2016, OSC filed a motion to modify the order granting the initial stay request by ordering that Dr. Klein be returned to his position as a pain management physician. *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-2, Stay Request File (U-2 SRF), Tab 1. In the alternative, OSC requested that the Board order DVA to assign Dr. Klein to "mutually agreed upon duties that are ordinarily performed by physicians at the Poplar Bluff [Medical Center]." *Id.* at 11-12. On June 11, 2016, DVA filed a response to OSC's motion stating that the

Poplar Bluff Medical Center's pain management clinic had closed and explaining the difficulties in reopening the clinic during the 45-day period of the stay. U-2 SRF, Tab 2. On June 20, 2016, the Board denied OSC's motion for a modification of the initial stay order. U-2 SRF, Tab 3.

¶4　　On June 30, 2016, OSC filed a request to extend the stay for an additional 60 days. *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-3, Stay Request File (U-3 SRF), Tab 1. OSC also renewed its request that the Board order Dr. Klein to be returned to his position of record. *Id.* Alternatively, OSC requested an order placing Dr. Klein in a "substantially similar physician position" or another physician position for which he is qualified. *Id.* at 2, 6-8. In response, DVA asserted that the Popular Bluff Medical Center did not have a present need for a physician with Dr. Klein's skills and privileges. U-3 SRF, Tab 2 at 4. In particular, DVA reiterated that the pain management clinic had closed and there was no need for an anesthesiologist at the Poplar Bluff Medical Center, which is not a full-service hospital and does not perform invasive surgical procedures. *Id.*

¶5　　The Board granted OSC's request for a stay through September 13, 2016, but denied its request to order Dr. Klein's return to his position as a pain management physician to the extent the position no longer exists. U-3 SRF, Tab 3. The Board, however, ordered DVA to provide a detailed accounting of its search for vacant positions and modified assignments with physician duties within the local commuting area to which it could temporarily reassign Dr. Klein. *Id.* at 7-8. In response, the agency identified three vacancies at the Poplar Bluff Medical Center, two primary care physician positions and one urgent care physician position. U-3 SRF, Tab 6 at 3. DVA argued that, while Dr. Klein met the minimum requirements to be considered for appointment to these positions, he did not have the clinical or diagnostic skills and experience necessary for them because he specializes in pain management and anesthesiology. *Id.* at 3, 8.

¶6      On August 26, 2016, OSC filed a request to extend the stay for an additional 60 days. *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-4, Stay Request File (U-4 SRF), Tab 1. OSC requested that the Board order DVA to temporarily reassign Dr. Klein to an available pain management physician position in either Columbia or Kansas City, Missouri, because DVA had indicated that there were no vacant positions within Dr. Klein's specialties in the local commuting area. U-4 SRF, Tab 1 at 7-8. DVA responded that Dr. Klein would need to obtain appropriate credentials from these facilities prior to performing any clinical duties, and there was no guarantee he would be granted such credentials because the decision whether to grant credentials is made by officials at the local medical center. U‑4 SRF, Tab 2 at 3-5. DVA further asserted that the fact that one facility has granted particular clinical privileges to an individual physician did not guarantee that another facility would grant the same privileges, and noted that the overall scope of the clinical services provided by these medical centers was broader than the scope of services provided at the Poplar Bluff Medical Center. *Id.*

¶7      The Board granted OSC's request for a stay through November 10, 2016, but denied its request for an order reassigning Dr. Klein to a pain management physician position in Columbia or Kansas City, Missouri, to the extent that Dr. Klein did not have clinical privileges at those medical centers and agency officials at the Poplar Bluff Medical Center did not have the authority to grant Dr. Klein the clinical privileges required for him to perform medical procedures within his specialties at those locations. U-4 SRF, Tab 4. The Board, however, ordered DVA to continue to search for and assign Dr. Klein to any appropriate physician position within his skills and experience should such a position become available within the local commuting area during the pendency of the stay. *Id.*

¶8      On October 26, 2016, OSC filed a timely request to extend the stay for an additional 60 days. *Special Counsel ex rel. Dale Klein v. Department of Veterans*

*Affairs*, MSPB Docket No. CB-1208-16-0023-U-5, Stay Request File (U-5 SRF), Tab 1.  The agency has filed a timely response.  U-5 SRF, Tab 2.

## ANALYSIS

¶9    A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice.  *Id.*  In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable.  *Id.* at 158.  The Board may grant the extension for any period that it considers appropriate.  5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶10    In this third request for extension, OSC asserts that the electronically stored information it requested from DVA is still outstanding, but DVA had indicated that it expected to mail such information on October 26, 2016.  U-5 SRF, Tab 1 at 3.  OSC further asserts that, once it receives the electronic discovery, it will need time to review it, issue any additional requests for information, and complete witness interviews.  *Id.*  DVA concedes that OSC's investigation is not yet complete.  U-5 SRF, Tab 2 at 2.  Under the specific circumstances of this case and in light of the fact that the evidentiary record supporting OSC's initial stay request has not materially changed since the Board granted the initial stay, we find it appropriate to extend the stay until January 12, 2017.  *See Special Counsel ex rel. Waddell v. Department of Justice*, 103 M.S.P.R. 372, ¶ 5 (2006).

¶11    In addition to its stay request, OSC also requests that the Board order DVA to allow Dr. Klein to go through the privileging process to determine whether he can obtain the privileges necessary for him to be reassigned to a vacant pain management position in Kansas City or Columbia, Missouri.  U-5 SRF, Tab 1

at 5. Alternatively, OSC requests that the Board order DVA to assign Dr. Klein to certain pain management functions it contends are currently being performed at the Poplar Bluff Medical Center. *Id.* at 6. DVA responds that it does not object to temporarily detailing Dr. Klein to serve as a Pain Management Specialist at the Harry S. Truman VA Medical Center in Columbia, Missouri, during the pendency of the stay to work "in a consultant role to examine and treat patients referred to him within the scope of the clinical privileges that may be granted to him by that facility." U-5 SRF, Tab 2 at 2. DVA further asserts that it will take time for Dr. Klein to obtain clinical privileges at that facility, and so, in the interim, it will allow Dr. Klein to perform clinical work as a pain management consultant within the scope of his clinical privileges at the Poplar Bluff facility while he awaits approval of his privileges. *Id.* DVA notes, however, that the frequency of pain management consultant requests may be limited because Poplar Bluff no longer maintains a full-time pain management clinic. *Id.*

¶12      A stay granted pursuant to 5 U.S.C. § 1214(b) is issued as a means of minimizing the adverse consequences of a prohibited personnel practice, providing time for a full investigation and settlement negotiations, and safeguarding the status quo ante while the interested parties prepare their cases for presentation to the Board. *Special Counsel v. Department of Veterans Affairs*, 60 M.S.P.R. 40, 41 (1993). If OSC has met its burden, the employee usually is placed in the same position he held before the agency's allegedly improper actions. *Special Counsel v. Department of the Interior*, 68 M.S.P.R. 266, 269 (1995). In light of the foregoing and the parties' apparent agreement concerning the appropriate duties for Dr. Klein to perform during the pendency of the stay, we grant OSC's requested relief and order DVA to temporarily reassign Dr. Klein to a pain management physician position in Columbia, Missouri, during the pendency of the stay, provided that Dr. Klein is granted the necessary clinical privileges.

**ORDER**

¶13     Pursuant to 5 U.S.C. § 1214(b)(1)(B), an extension of the stay is hereby granted, and we ORDER as follows:

(1) The stay issued on June 1, 2016, is extended through and including January 12, 2017, on the terms and conditions that (a) DVA will reinstate Dr. Klein to the status quo ante and shall immediately assign him clinical pain management consultant work within the scope of his clinical privileges at the Poplar Bluff facility, while he awaits approval of his request for clinical privileges at the Harry S. Truman VA Medical Center; (b) DVA shall not affect any change to Dr. Klein's salary, grade level, or duty station, or impose upon him any requirement that is not required of other employees of a comparable grade level; and (c) DVA shall process Dr. Klein's request for clinical privileges at the Harry S. Truman VA Medical Center in Columbia, Missouri, and to the extent the requisite privileges are granted, temporarily reassign him to a Pain Management Physician position at the Harry S. Truman VA Medical Center in Columbia, Missouri, during the pendency of the stay.

(2) Within 5 working days of the date of this Order, DVA shall submit evidence to the Clerk of the Board that it has complied with this Order; and

(3) Any request for a further extension of the stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before December 28, 2016.  *See* 5 C.F.R. § 1201.136(b).  Any comments on such a request that the agency wishes the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the

Board, together with any evidentiary support, on or before January 4, 2017.  *See* 5 C.F.R. § 1201.136(b).


FOR THE BOARD:                              _____
                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.